UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNTY BOARD OF ARLINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION; RAYMOND H. LAHOOD, in his official and individual capacity, Secretary of the U.S. Department of Transportation; FEDERAL HIGHWAY ADMINISTRATION; VICTOR MENDEZ, in his official and individual capacity, Federal Highway Administrator; VIRGINIA DEPARTMENT OF TRANSPORTATION; and PIERCE R. HOMER, in his official and individual capacity,<br><br>　　　　Defendants. | Case No. 1:09-cv-01570-RMC<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

COME NOW the United States Department of Transportation ("USDOT"); RAYMOND H. LAHOOD, in his individual capacity and in his official capacity as Secretary of the USDOT; Federal Highway Administration ("FHWA"); and VICTOR MENDEZ, in his individual capacity and in his official capacity as Administrator of the FHWA (hereinafter collectively, "Federal Defendants"), by and through the undersigned counsel, and hereby respond to the correspondingly numbered paragraphs of Plaintiff's Complaint as follows:

1.　　The allegations in Paragraph 1 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 1. Federal Defendants deny that Plaintiff is entitled to the relief

requested or to any other relief whatsoever.

2.     The allegations in Paragraph 2 constitute Plaintiff's characterization of its case to which no response is required.

3.     In response to the allegations in the first sentence of Paragraph 3, Federal Defendants state that in October 2006, the Virginia Department of Transportation ("VDOT") entered into an Interim Agreement with Fluor Virginia, Inc. ("Fluor") and Transurban (USA) Development, Inc. ("Transurban") under the Virginia Public-Private Transportation Act of 1995, and that FHWA reviewed the Interim Agreement and recognizes the public-private partnership. Federal Defendants deny that they "sanctioned" the Interim Agreement.  The remainder of the allegations in the first sentence and the allegations in the second sentence of Paragraph 3 purport to characterize the Interim Agreement, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the first and second sentences of Paragraph 3 are inconsistent with the Interim Agreement, Federal Defendants deny those allegations.   The allegations in the third sentence of Paragraph 3 constitute Plaintiff's characterization of its request for relief to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested or to any other relief whatsoever.

4.     In response to the allegations in Paragraph 4, Federal Defendants admit that FHWA worked with VDOT in determining the scope of the proposed High Occupancy Toll/High Occupancy Vehicle ("HOT/HOV") Project ("Project")[2] in northern Virginia and concurred with

---

[2] While Plaintiff in its complaint uses the term "Project" to include proposed activities that are located in Stafford County and Spotsylvania County, Federal Defendants will use the term "Project" in this Answer to refer only to the approved activities that are located in the area between Prince William County to Arlington County, also what Plaintiff calls the "Northern

VDOT's recommendation to prepare a Categorical Exclusion ("CE") for the Project. Federal Defendants deny the remainder of the allegations in Paragraph 4. Federal Defendants further deny that they violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, or the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, in authorizing the Project.

5.      Federal Defendants deny the allegations in Paragraph 5.

6.      Federal Defendants deny the allegations in Paragraph 6. To the extent the allegations in the second sentence of Paragraph 6 also appear to characterize other unidentified documents prepared by Defendants, those documents speak for themselves and are the best evidence of their contents. To the extent that the allegations in the second sentence of Paragraph 6 are inconsistent with the unidentified documents, Federal Defendants deny those allegations.

7.      The allegations in Paragraph 7 characterize NEPA and constitute conclusions of law, to which no response is required.

8.      Federal Defendants deny the allegations in Paragraph 8. Federal Defendants state that the January 7, 2009 approval of a CE for the Project was based on an examination of the environmental impacts of the Project and a finding that it satisfied the criteria for the CE, and that there were no extraordinary circumstances present that would require further environmental analysis.

9.      Federal Defendants deny the allegations in Paragraph 9.

10.     Federal Defendants deny the allegations in Paragraph 10. In response to the allegations in the first sentence of Paragraph 10, Federal Defendants specifically deny that Defendants failed to act rationally. Federal Defendants also specifically deny that they violated NEPA,

---

Section."

the Federal-Aid Highways Act, the Clean Air Act, the Civil Rights Act, or the United States Constitution.

11.     Federal Defendants deny the allegations in the first sentence of Paragraph 11 that FHWA's Determination of Review for the Project is "totally at odds" with how it was presented elsewhere.  The allegations in Paragraph 11 also purport to characterize the FHWA Determination of  Review (January 7, 2009), the Virginia Department of Rail and Public Transportation I-95/I-395 Transit/TDM Study, Final Report (February 29, 2008),  and other documents, reports, presentations, agreements, and official publications, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in Paragraph 11 are inconsistent with the documents listed above, Federal Defendants deny those allegations.

12.     Federal Defendants deny the allegations in Paragraph 12.  Federal Defendants specifically deny any failure to satisfy the obligations for disclosure or analysis required by law, and deny their actions were arbitrary and capricious.

13.     Federal Defendants deny the allegations in Paragraph 13.  Federal Defendants specifically deny that their analysis of the Project was inadquate.

14.     Federal Defendants deny the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 constitute Plaintiff's characterization of its request for relief to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested or to any other relief whatsoever.

16.     The allegations in the first sentence of Paragraph 16 are conclusions of law concerning jurisdiction, to which no response is required.  The allegations in the second sentence of Paragraph 16 are Plaintiff's characterization of its case, to which no response is required.

To the extent a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 16.

17.    The allegations Paragraph 17 constitute conclusions of law concerning venue, to which no response is required.

18.    In response to the allegations in Paragraph 18, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of whether the County Board of Arlington, VA, is the governing body of Arlington County, VA, and whether it is a political subdivision of the Commonwealth of Virginia.  Federal Defendants admit that the proposed Project will traverse through Arlington County along the I-395/I-95 corridor.   Federal Defendants deny the remaining allegations in Paragraph 18.

19.    Federal Defendants admit the allegations in Paragraph 19.

20.    Federal Defendants admit the allegations in Paragraph 20.

21.    Federal Defendants admit the allegations in Paragraph 21.

22.    Federal Defendants admit the allegations in Paragraph 22.

23.    Federal Defendants admit the allegations in Paragraph 23.

24.    Federal Defendants deny the allegations in the first sentence of Paragraph 24, and state that Sean Connaughton is the Virginia Secretary of Transportation.  Federal Defendants admit the allegations in the second sentence of Paragraph 24.

25.    The allegations in Paragraph 25 purport to characterize NEPA, 42 U.S.C. §§ 4321, *et seq.* and § 4332(2)(C), and the Federal-Aid Highways Act, 23 U.S.C. § 111(a), and as such constitute conclusions of law.  The Court is referred to the cited statutes for a true and complete statement of their provisions.

26.    The allegations in Paragraph 26 purport to characterize Title VI of the Civil Rights Act and

FHWA orders, and as such constitute conclusions of law. The Court is referred to the cited statute and FHWA orders for a true and complete statement of its provisions.

27.   The allegations in Paragraph 27 purport to characterize 40 C.F.R. § 1508.4, and as such constitute conclusions of law. The Court is referred to the cited regulation for a true and complete statement of their provisions.

28.   The allegations in Paragraph 28 purport to characterize NEPA, 42 U.S.C. § 4332(2)(C), and as such constitute conclusions of law. The Court is referred to the cited statute for a true and complete statement of its provisions.

29.   The allegations in the first, second, and third sentences of Paragraph 29 purport to characterize 40 C.F.R. §§ 1501.3 and 1508.9, and as such constitute conclusions of law. The Court is referred to the cited regulations for a true and complete statement of their provisions. In response to the allegations in the fourth sentence of Paragraph 29, Federal Defendants admit that VDOT is preparing an Environmental Assessment for the "Southern Section," but state that VDOT has not submitted the Environmental Assessment to FHWA for review. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning VDOT's schedule for public review, and therefore deny the allegations therein.

30.   The allegations in Paragraph 30 purport to characterize and quote from 40 C.F.R. § 1508.4, and as such constitute conclusions of law. The Court is referred to the cited regulation for a true and complete statement of its provisions.

31.   The allegations in Paragraph 31 purport to characterize 40 C.F.R. §§ 1508.27 and 1508.27(b)(7), and as such constitute conclusions of law. The Court is referred to the cited regulations for a true and complete statement of their provisions.

32.    The allegations in Paragraph 32 purport to characterize 40 C.F.R. §§ 1508.27 and 1508.25(a)(1)-(2), and as such constitute conclusions of law. The Court is referred to the cited regulations for a true and complete statement of their provisions.

33.    The allegations in Paragraph 33 purport to characterize 40 C.F.R. §1507.3(b)(2) and 23 C.F.R. § 771.115, and as such constitute conclusions of law. The Court is referred to the cited regulations for a true and complete statement of their provisions.

34.    The allegations in Paragraph 34 purport to characterize 23 C.F.R. § 771.115(a), and as such constitute conclusions of law. The Court is referred to the cited regulation for a true and complete statement of its provisions.

35.    The second sentence in Paragraph 35(i) constitutes conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in Paragraph 35, the remaining allegations in Paragraph 35(i), and the allegations in Paragraph 35(ii) purport to characterize 23 C.F.R. §§ 711.115(b) and (c), and as such constitute conclusions of law. The Court is referred to the cited regulations for a true and complete statement of their provisions.

36.    The allegations in the first and second sentences of Paragraph 36 purport to characterize 40 C.F.R. § 1504.4 and 23 C.F.R. §§ 711.115(a) and (d), and as such constitute conclusions of law. The Court is referred to the cited regulations for a true and complete statement of their provisions. Federal Defendants admit the allegations in the third sentence of Paragraph 36.

37.    The allegations in Paragraph 37 purport to characterize and quote from the Clean Air Act, 42 U.S.C. §§ 7506(c)(1) and 7506(c)(1)(B), and as such constitute conclusions of law. The Court is referred to the cited statute for a true and complete statement of its provisions.

38.    The allegations in Paragraph 38 purport to characterize 40 C.F.R. § 93.102(b), and as such

constitute conclusions of law.  The Court is referred to the cited regulation for a true and complete statement of its provisions.

39.     The allegations in Paragraph 39 purport to characterize 40 C.F.R. §§ 93.116(a) and 93.123, and as such constitute conclusions of law.  The Court is referred to the cited regulations for a true and complete statement of their provisions.

40.     The allegations in Paragraph 40 purport to characterize 23 U.S.C. §§ 109(a), (h), and 23 C.F.R. § 771.105, and as such constitute conclusions of law.  The Court is referred to the cited statute and regulation for a true and complete statement of their provisions.

41.     The allegations in Paragraph 41 purport to characterize 23 U.S.C. §§ 109(a) and (h), and 23 C.F.R. §§ 771.101, 771.105 and 771.107(b), and as such constitute conclusions of law. The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

42.     In response to the allegations in the first sentence of Paragraph 42, Federal Defendants state that the first HOV lanes in the region were created in 1969 on I-395 inside the Capital Beltway.  Federal Defendants deny any remaining allegations in the first sentence of Paragraph 42.  Federal Defendants admit the allegations in the second sentence.  Federal Defendants admit the allegations in the third sentence, but state that the HOV lanes are also available to motorcycles and clean-fuel vehicles during morning and evening rush hours, or peak hours, regardless of the number of occupants.  The allegations in the fourth sentence of Paragraph 42 characterize the purpose of HOV lanes, which is stated in the Virginia Code, § 33.1-46.2(A), and to which no response is required.  The Court is referred to the cited statute for a true and complete statement of its provisions.

43.     Federal Defendants admit the allegations in the first sentence of Paragraph 43.  Federal

FED. DEFS.' ANSWER TO COMPLAINT          -8-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 43, and therefore deny the allegations therein. The allegations in the third and fourth sentences of Paragraph 43 are argumentative characterizations of fact, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the third and fourth sentences of Paragraph 43. In response to the fifth sentence of Paragraph 43, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of whether "Arlington County and its residents have strongly supported, through practice and legislative mandate, the use and maintenance of the HOV lanes," and therefore deny the allegations therein. The remaining allegations in the fifth sentence of Paragraph 43 are argumentative characterizations of fact, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

44. The allegations in Paragraph 44 purport to characterize and quote from the 2005 High Occupancy Vehicle Enforcement Task Force Report, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 44 are inconsistent with the  2005 High Occupancy Vehicle Enforcement Task Force Report, Federal Defendants deny those allegations.

45. The allegations in the first sentence of Paragraph 45 are argumentative characterizations of fact, to which no response is required. In addition, the allegations in the first sentence of Paragraph 45 are vague and ambiguous such that Federal Defendants are unable to formulate a response thereto. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of Paragraph 45. Federal Defendants admit the allegations in the second sentence of Paragraph 45. Federal Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 45, and therefore deny the allegations therein. Federal Defendants deny the allegations in the fourth sentence of Paragraph 45.

46.   In response to the allegations in the first sentence of Paragraph 46, Federal Defendants admit that regional bus services and other commuters use the HOV lanes. The remaining allegations in the first sentence and the allegations in the second, third, and fourth sentences of Paragraph 46 constitute argumentative characterizations of fact, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations therein.

47.   The allegations in Paragraph 47 appears to characterize a project proposed by VDOT, Fluor, and Transurban in March 2004, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 47 are inconsistent with the 2004 proposed project, Federal Defendants deny those allegations.

48.   Federal Defendants admit the allegations in the first sentence of Paragraph 48, but state that the Interim Agreement was executed on October 24, 2006. The allegations in the second, third and fourth sentences of Paragraph 48 constitute characterizations of the Interim Agreement, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the second, third and fourth sentences of Paragraph 48 are inconsistent with the Interim Agreement, Federal Defendants deny those allegations.

49.   In response to the allegations in the first sentence of Paragraph 49, Federal Defendants admit that VDOT recommended two separate projects (the so-called "Northern Section" and "Southern Section") to FHWA, and FHWA reviewed and concurred with the

recommendation.  Federal Defendants deny the remaining allegations in the first sentence of Paragraph 49.  Federal Defendants admit the allegations in the second and fourth sentences of Paragraph 49.  The allegations in the third sentence of Paragraph 49 purport to characterize the CE, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the third sentence of Paragraph 49 are inconsistent with the CE, Federal Defendants deny the allegations.  Federal Defendants deny the allegations in the fifth and sixth sentences of Paragraph 49.

50.  In response to the allegations in the first sentence of Paragraph 50, Federal Defendants admit that VDOT recommended that the proposed Project could be addressed with a CE because it was unlikely to result in a significant environmental impact based on the State environmental review process.  Federal Defendants deny the remaining allegations in the first sentence of Paragraph 50.  In response to the allegations in the second sentence of Paragraph 50, state that FHWA concurred with VDOT's recommendation to proceed with the preparation of a CE on the condition that a traffic analysis report determining the impact of the proposed Project on traffic patterns be prepared.  Federal Defendants deny the remaining allegations in the second sentence of Paragraph 50.  Federal Defendants deny the allegations in the third sentence of Paragraph 50.

51.  In response to the allegations in the first sentence of Paragraph 51, Federal Defendants admit that on January 7, 2009, FHWA approved the CE for the Project based on VDOT's environmental analysis and in accordance with 23 C.F.R. § 771.117(d).  Federal Defnedants deny the remaining allegations in the first sentence of Paragraph 51.  The allegations in the second sentence of Paragraph 51 constitute characterizations of the FHWA Documentation

of Review, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the second sentence of Paragraph 51 are inconsistent with the FHWA Documentation of Review, Federal Defendants deny those allegations. Federal Defendants deny that the documentation was woefully inadequate and misleading on its face.

52.     Federal Defendants admit the allegations in Paragraph 52, and state that, in addition to the documents listed in Paragraph 52, the Documentation of Review also contains the 2009 Phase I Archeological Survey and addendums, and the 2007 Reconnaissance Architectural Survey.

53.     Federal Defendants admit the allegations in the first sentence of Paragraph 53. The allegations in the second sentence of Paragraph 53 purport to characterize the FHWA Documentation of Review, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the second sentence of Paragraph 53 are inconsistent with the FHWA Documentation of Review, Federal Defendants deny those allegations.

54.     The allegations in the first and second sentences of Paragraph 54 purport to characterize and quote from the FHWA Documentation of Review, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the first and second sentences of Paragraph 54 are inconsistent with the FHWA Documentation of Review, Federal Defendants deny those allegations. Federal Defendants deny the allegations in the third sentence of Paragraph 54.

55.     The allegations in Paragraph 55 purport to characterize from the FHWA Documentation of Review, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 55 are inconsistent with the FHWA Documentation of Review,

Federal Defendants deny those allegations.

56.    Federal Defendants deny the allegations in Paragraph 56.

57.    The allegations in the first sentence of Paragraph 57 purport to characterize the Interim Agreement, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the first sentence of Paragraph 57 are inconsistent with the Interim Agreement, Federal Defendants deny those allegations.  The allegations in the second sentence of Paragraph 57 purport to characterize the May 2009 Project Summary and the July 16, 2009 Presentation, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in second sentence of Paragraph 57 are inconsistent with the May 2009 Project Summary and the July 16, 2009 Presentation, Federal Defendants deny those allegations.  Federal Defendants deny the allegations in the third sentence of Paragraph 57, and state that FHWA reviewed the Project and the so-called "Southern Section" and determined that the two projects are separate.  Federal Defendants admit the allegations in the fourth sentence of Paragraph 57.  Federal Defendants deny the allegations in the fifth and sixth sentences.

58.    Federal Defendants deny the allegations in the first sentence of Paragraph 58, and state that an 8-mile extension of a traffic lane was added to the southern terminus of the Project after additional traffic analyses were conducted.  The additional traffic analyses were part of the conditions FHWA placed on its concurrence that VDOT initially proceed with preparation of a CE.  The allegations in the second sentence purport to characterize the scope of the Project as set out in the FHWA Documentation of Review, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in second sentence of

Paragraph 58 are inconsistent with the FHWA Documentation of Review, Federal Defendants deny those allegations.

59. Federal Defendants deny the allegations in Paragraph 59.

60. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 60, and therefore deny the allegations therein. The allegations in the second and third sentences of Paragraph 60 are speculative and constitute argumentative characterizations of fact, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations therein. Federal Defendants aver that the two projects are separate with independent utility and logical termini.

61. Federal Defendants deny the allegations in the first sentence of Paragraph 61. Federal Defendants deny the allegations in the second sentence of Paragraph 61, and state that VDOT continues to evaluate if any additional modifications are necessary. Federal Defendants state that VDOT has not submitted any modifications to FHWA for approval. Federal Defendants deny the allegations in the third and fourth sentences of Paragraph 61. Federal Defendants specifically deny that their actions were arbitrary or capricious.

62. Federal Defendants deny the allegations in Paragraph 62.

63. Federal Defendants deny the allegations in the first sentence of Paragraph 63. The allegations in the second, third, and fourth sentences of Paragraph 63 purport to characterize and quote from then-Secretary Homer's May 7, 2009 letter to regional planning and transportation organizations, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in second, third and fourth sentences of Paragraph 63 are

inconsistent with the  May 7, 2009 letter, Federal Defendants deny those allegations.

64.     Federal Defendants deny the allegations in Paragraph 64.  Federal Defendants specifically deny that they violated any law.

65.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 65, and therefore deny the allegations therein.  Federal Defendants deny the allegations in the second sentence of Paragraph 65.  In response to the third sentence of Paragraph 65, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of what "[m]ost of the current users of the existing public transit, HOV lanes and slugger systems" believe, and therefore deny the allegations therein.  Federal Defendants deny the remaining allegations in the third sentence of Paragraph 65.  Federal Defendants deny the allegations in the fourth and fifth sentences of Paragraph 65.

66.     Federal Defendants deny the allegations in the first and third sentences of Paragraph 66.  Federal Defendants admit the allegations in the second sentence of Paragraph 66.  In response to the allegations in the fourth sentence of Paragraph 66, Federal Defendants state that minority and low-income families and individuals are located in forty census tracts along the I-95/I-395 corridor in the Project area, and deny the remainder of the allegations therein.  In response to the allegations in the fifth sentence of Paragraph 66,  Federal Defendants state that there are schools, day care centers, senior citizen facilities, hospitals, and clinics that are in Arlington County within some of the Project's study areas, and deny the remainder of the allegations therein.  Federal Defendants specifically deny that they engaged in any form of discrimination.

67.     In response to the allegations in the first sentence of Paragraph 67, Federal Defendants deny that there are elementary schools "vulnerable to the adverse impacts of the Project." Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 67, and therefore deny the allegations therein.  In response to the allegations in the second sentence of Paragraph 67, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the proximity of Abingdon Elementary to the proposed access points for the Shirlington Rotary interchange, and therefore deny the allegations therein. Federal Defendants deny the remaining allegations in the second sentence, and state that parking lots are not part of the proposed Project.

68.     In response to the allegations in the first sentence of Paragraph 68, Federal Defendants admit that the Arlington Urgent Care Center, Crystal City Children's Center, and the Child Care Center are proximate to the Eads Street/Pentagon Reservation terminus of the Project. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore deny the allegations therein.

69.     Federal Defendants admit the allegations in the first sentence of Paragraph 69.  Federal Defendants deny the allegations in the second sentence of Paragraph 69.  In response to the allegations in the third sentence of Paragraph 69, Federal Defendants admit the City of Alexandria is near the northern terminus of the Project, and deny the remainder of the allegations therein.

70.     Federal Defendants admit the allegations in the first sentence of Paragraph 70.  In response

to the allegations in the second and third sentences of Paragraph 70, Federal Defendants state that minority and low-income families and individuals are located in forty census tracts along the I-95/I-395 corridor in the Project area and that there are schools, day care centers, senior citizen facilities, hospitals, and clinics that are in Arlington County within some of the Project's study areas.  Federal Defendants deny the remainder of the allegations in the second and third sentences of Paragraph 70.

71.    Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore deny the allegations therein.

72.    In response to the allegations in the first and second sentences of Paragraph 72, Federal Defendants admit that the "Southern Section" traverses Stafford County, that Stafford County has a minority population of 21 percent, and that between 2.4 and 4.2 percent of individuals in Stafford County are below the poverty level.  Federal Defendants are without knowledge or information sufficient as to form a belief about the truth of the remaining allegations in the first and second sentences of Paragraph 72, and therefore deny the allegations therein.  Federal Defendants admit the allegations in the third sentence of Paragraph 72.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 72, and therefore deny the allegations therein.

73.    Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 73, and therefore deny the allegations therein.  In response to the eighth sentence of Paragraph 73, Federal Defendants admit the allegations as far as they are

limited to the I-95/I-395 corridor.  The allegations in the ninth sentence of Paragraph 73 constitute argumentative characterizations of fact, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

74.   Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore deny the allegations therein.

75.   Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 75, and therefore deny the allegations therein.  In response to the allegations in the second sentence of Paragraph 75, Federal Defendants deny that the Project would have significant environmental effects. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the second sentence of Paragraph 75, and therefore deny the allegations therein.

76.   Federal Defendants deny the allegations in Paragraph 76.

77.   Federal Defendants deny the allegations in Paragraph 77.

78.   The allegations in Paragraph 78 purport to characterize a September 21, 2005 study by Environmental Defense and Breakthrough Technologies, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in second sentence of Paragraph 78 are inconsistent with September 21, 2005 study, Federal Defendants deny those allegations.

79.   The allegations in the first and third sentences of Paragraph 79 are argumentative characterizations of fact, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the first and third sentences of

Paragraph 79.  In response to the allegations in the second sentence of Paragraph 79, Federal Defendants deny that they participated in the formulation of or provided substantive comments on the study prepared by Environmental Defense and Breakthrough Technologies. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the second sentence of Paragraph 79, and therefore deny the allegations therein.

80.  The allegations in Paragraph 80 purport to characterize the FHWA Documentation of Review and VDOT's draft Interchange Justification Report, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in Paragraph 80 are inconsistent with the FHWA Documentation of Review and VDOT's draft Interchange Justification Report, Federal Defendants deny those allegations.

81.  Federal Defendants deny the allegations in Paragraph 81.

82.  The allegations in the first and fourth sentences of Paragraph 82 purport to characterize the draft Interchange Justification Report, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the first and fourth sentences of Paragraph 82 are inconsistent with the draft Interchange Justification Report, Federal Defendants deny those allegations.  Federal Defendants deny the allegations in the second, third, and fifth sentences of Paragraph 82.  Federal Defendants deny any suggestion that the approval of the use of a CE for the Project violated NEPA.

83.  The allegations in Paragraph 83 purport to characterize the draft Interchange Justification Report, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in Paragraph 83 are inconsistent with the draft Interchange Justification Report,

Federal Defendants deny those allegations.

84.     Federal Defendants deny the allegations in the first and second sentences of Paragraph 84. The allegations in the third sentence of Paragraph 84 constitute argumentative characterizations of fact, to which no response is required.  To the extent a response is required, Federal Defendants deny those allegations.   Federal Defendants deny the allegations in the fourth sentence of Paragraph 84.

85.     Federal Defendants deny the allegations in Paragraph 85.

86.     Federal Defendants deny the allegations in Paragraph 86.  To the extent the allegations in Paragraph 86 also purport to characterize the draft Interchange Justification Report, the draft Interchange Justification Report speaks for itself and is the best evidence of its contents.  To the extent that the allegations in Paragraph 86 are inconsistent with the draft Interchange Justification Report, Federal Defendants deny those allegations.

87.     Federal Defendants deny the allegations in the first, fourth, fifth, and sixth sentences of Paragraph 87.  Federal Defendants specifically deny that allegation that there will be "no improvement . . . to this general purpose lane congestion."  To the extent the allegations in the first, fourth, and fifth sentences of Paragraph 87 also purport to characterize the draft Interchange Justification Report, the draft Interchange Justification Report speaks for itself and is the best evidence of its contents.  To the extent that the allegations in Paragraph 87 are inconsistent with the draft Interchange Justification Report, Federal Defendants deny those allegations.  The allegations in the second and third sentences of Paragraph 87 are argumentative characterizations of fact, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations therein.

88.     In response to the allegations in the first, third, and fourth sentences of Paragraph 88, Federal Defendants admit that the nature of the design and implementation of the Project is such that the Project may undergo changes and scope reviews throughout the project development process.  Federal Defendants state that additional environmental analysis will be conducted as necessary if there are changes to the scope of the Project.  Federal Defendants state that the scope review was, in part, a response to a request from the Plaintiff to revisit the design of the Shirlington Rotary interchange.  Federal Defendants deny the remaining allegations in the first, third, and fourth sentences of Paragraph 88.  The allegations in the second sentence of Paragraph 88 purport to characterize VDOT's July 16, 2009 presentation before the Commonwealth Transportation Board Workshop, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the second sentence of Paragraph 88 are inconsistent with VDOT's July 16, 2009 presentation before the Commonwealth Transportation Board Workshop, Federal Defendants deny those allegations.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 88.

89.     Federal Defendants deny the allegations in Paragraph 89.  To the extent the allegations in Paragraph 89 also purport to characterize and quote the FHWA Documentation of Review, that document speaks for itself and is the best evidence of its contents.  To the extent that the allegations in Paragraph 89 are inconsistent with the FHWA Documentation of Review, Federal Defendants deny those allegations.

90.     The allegations in the first, second, and third sentences of Paragraph 90 purport to characterize NEPA and the Clean Air Act, and as such constitute conclusions of law, to which no response is required.  The Court is referred to the cited statutes for a true and

complete statement of their provisions.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 90.

91.   The allegations in the first and third sentences of Paragraph 91 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.   To the extent that the allegations in the first and third sentences of Paragraph 91 are inconsistent with the Air Quality Analysis, Federal Defendants deny those allegations.  Federal Defendants admit the allegations in the second and fourth sentences of Paragraph 91.

92.   The allegations in Paragraph 92 characterize the FHWA Documentation of Review, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in Paragraph 92 are inconsistent with the FHWA Documentation of Review, Federal Defendants deny the allegations.

93.   The allegations in the first sentence of Paragraph 93 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the first sentence of Paragraph 93 are inconsistent with the Air Quality Analysis, Federal Defendants deny those allegations.  Federal Defendants deny the allegations in the second and fourth sentences of Paragraph 93.  The allegations in the third sentence of Paragraph 93 constitute speculation based on hypothetical facts, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the third sentence of Paragraph 93.

94.   Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore deny the allegations therein.

95.   Federal Defendants admit the allegations in the first sentence of Paragraph 95.  In response

to the allegations in the second sentence of Paragraph 95, Federal Defendants admit that $PM_{2.5}$ may pose a risk to human health in some circumstances and that it can penetrate the respiratory system.  The remaining allegations in the second sentence of Paragraph 95, as well as in the sixth sentence of Paragraph 95, are argumentative characterizations of fact, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the second and sixth sentences of Paragraph 95.  The allegations in the third sentence of Paragraph 95 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the third sentence of Paragraph 95 are inconsistent with the Air Quality Analysis, Federal Defendants deny the allegations.  The allegations in the fourth and fifth sentences of Paragraph 95 purport to characterize unidentified scientific studies, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in the fourth and fifth sentences of Paragraph 95 are inconsistent with the unidentified scientific studies, Federal Defendants deny the allegations.  The allegations in the seventh sentence of Paragraph 95 are conclusions of law, to which no response is required.  Federal Defendants deny the allegations in the eighth sentence of Paragraph 95.

96.     Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 96.  The allegations in the fourth sentence of Paragraph 96 constitute conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 96.

97.     The allegations in the first sentence of Paragraph 97 constitute conclusions of law, to which no response is required.  The allegations in the second sentence of Paragraph 97 characterize

the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To

the extent that the allegations in the second sentence of Paragraph 97 are inconsistent with

the Air Quality Analysis,  Federal Defendants deny those allegations. The allegations in the

third and sixth sentences of Paragraph 97 constitute argumentative characterizations of fact,

to which no response is required.  To the extent a response is required, Federal Defendants

deny the allegations therein.  Federal Defendants deny the allegations in the fourth and

seventh sentences of Paragraph 97.   Federal Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in the fifth sentence

of Paragraph 97, and therefore deny those allegations.  Federal Defendants state that the

location of the Muirkirk monitor is identified in the Air Quality Analysis.

98.     In response to the allegations in the first sentence of Paragraph 98, Federal Defendants admit

that increases in traffic volumes can lead to traffic congestion.  Federal Defendants deny the

remaining allegations in the first sentence of Paragraph 98.  Federal Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations in the

second and third sentences of Paragraph 98, and therefore deny the allegations therein.

Federal Defendants deny the allegations in the fourth sentence of Paragraph 98.  In response

to the allegations in the fifth sentence of Paragraph 98, Federal Defendants admit that

increased traffic congestion caused by the Project  may decrease "levels of service" at some

locations at some times.  Federal Defendants deny the remaining allegations in the fifth

sentence of Paragraph 98.  The allegations in the sixth sentence of Paragraph 98 purport to

characterize the Clean Air Act's implementing regulations, and as such constitute

conclusions of law, to which no response is required.  The Court is referred to the cited

regulation for a true and complete statement of its provisions.  The allegations in the seventh sentence of Paragraph 98 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the seventh sentence of Paragraph 98 are inconsistent with the Air Quality Analysis,  Federal Defendants deny those allegations.

99.  The allegations in the first and second sentences of Paragraph 99 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the first and second sentences of Paragraph 99 are inconsistent with the Air Quality Analysis,  Federal Defendants deny those allegations. With regard to the allegations in the third sentence of Paragraph 99, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "many" "local communities" affected by the Project consist of minority or low-income populations, and therefore deny the allegations.  The remaining allegations in the third sentence of Paragraph 99 constitute conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the remaining allegations in the third sentence of Paragraph 99.

100.  The allegations in the first sentence of Paragraph 100 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the first sentence of Paragraph 100 are inconsistent with the Air Quality Analysis, Federal Defendants deny those allegations.  Federal Defendants deny the allegations in the second sentence of Paragraph 100.  In response to the allegations in the third sentence of Paragraph 100, Federal Defendants admit that the Project will cause an increase in certain air emissions

compared to the "No Build" condition. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 100, and therefore deny the allegations therein.

101.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 101, and therefore deny the allegations therein. The allegations in the second and fifth sentences of Paragraph 101 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.   To the extent that the allegations in the second and fifth sentences of Paragraph 101 are inconsistent with the Air Quality Analysis,  Federal Defendants deny those allegations.  The allegations in the third sentence of Paragraph 101 characterize the draft Interchange Justification Report, which speaks for itself and is the best evidence of its contents.   To the extent that the allegations in the third sentence of Paragraph 101 are inconsistent with the draft Interchange Justification Report,  Federal Defendants deny those allegations.    Federal Defendants deny the allegations in the fourth sentence of Paragraph 101.

102.     In response to the allegations in the first sentence of Paragraph 102, Federal Defendants admit that residential areas line the Northern Section.   The remaining allegations are argumentative characterizations of fact, to which no response is required.  To the extent a response is required, Federal Defendants deny those allegations.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 102, and therefore deny the allegations therein.  In response to the allegations in the third sentence of Paragraph 102, Federal Defendants admit

that residences and schools are located adjacent to the Project.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence, and the allegations in the fourth, fifth, and seventh sentences of Paragraph 102, and therefore deny the allegations therein.  The allegations in the sixth sentence of Paragraph 102 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the sixth sentence of Paragraph 102 are inconsistent with the Air Quality Analysis,  Federal Defendants deny those allegations.

103.    The allegations in Paragraph 103 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in Paragraph 103 are inconsistent with the Air Quality Analysis,  Federal Defendants deny those allegations.

104.    The allegations in Paragraph 104 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in Paragraph 104 are inconsistent with the Air Quality Analysis, Federal Defendants deny those allegations.

105.    Federal Defendants deny the allegations in the first sentence of Paragraph 105.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 105, and therefore deny the allegations therein.  The allegations in the sixth sentence of Paragraph 105 characterize the Air Quality Analysis and the  draft Interchange Justification Report, which speak for themselves and are the best evidence of their contents.  To the extent that the

allegations in the sixth sentence of Paragraph 105 are inconsistent with the Air Quality Analysis and the  draft Interchange Justification Report, Federal Defendants deny those allegations.  In response to the allegations in the seventh sentence of Paragraph 105, Federal Defendants admit that the administrative record does not contain any distinct analyses of "the impact of the HOT lanes on the original intended purpose of the HOV system," but deny any implication that Federal Defendants did not consider this issue.   Federal Defendants deny the remaining allegations in the seventh sentence of Paragraph 105.

106.    In response to the allegations in the first sentence of Paragraph 106, Federal Defendants admit that traffic congestion and vehicle speeds are factors that relate to air emissions.  The remaining allegations in the first sentence of Paragraph 106 are argumentative characterizations of fact, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations therein.  The allegations in the second sentence of Paragraph 106 characterize the documents supporting the Categorical Exclusion, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in the second sentence of Paragraph 106 are inconsistent with those documents, Federal Defendants deny those allegations.  Federal Defendants deny the allegations in the third sentence of Paragraph 106 and further state that the Air Quality Analysis and other supporting documentation comply with all applicable federal laws and regulations.

107.    The allegations in the first sentence of Paragraph 107 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the first sentence of Paragraph 107 are inconsistent with the Air Quality

Analysis, Federal Defendants deny those allegations.  The allegations in the first sentence of Paragraph 107 also purport to characterize the Clean Air Act, and as such constitute conclusions of law, to which no response is required.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 107, and therefore deny the allegations therein.

108.   The allegations in the first and third sentences of Paragraph 108 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the first and third sentences of Paragraph 108 are inconsistent with the Air Quality Analysis, Federal Defendants deny those allegations.  The allegations in the second sentence of Paragraph 108 consist of argumentative characterizations of fact, to which no which no response is required.  To the extent a response is required, Federal Defendants deny the allegations therein.  Federal Defendants deny the allegations in the third and fourth sentences of Paragraph 108.

109.   Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 109, and therefore deny the allegations therein.  The allegations in the second sentence of Paragraph 109 purport to characterize the Clean Air Act's implementing regulations, ans as such constitute conclusions of law, to which no response is required.  Federal Defendants deny the allegations in the second sentence of Paragraph 109.

110.   Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 110.  The allegations in the fourth and fifth sentences of Paragraph 110 purport to characterize the Clean Air Act and its implementing regulations, and as such constitute

conclusions of law, to which no response is required.  The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

111.    The allegations in the first and second sentences of Paragraph 111 characterize federal guidelines, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in the first and second sentences of Paragraph 111 are inconsistent with the guidelines, Federal Defendants deny those allegations.  The allegations in the third sentence of Paragraph 111 characterize EPA guidelines, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in the third sentence of Paragraph 111 are inconsistent with the EPA guidelines, Federal Defendants deny those allegations.  The allegations in the fourth sentence of Paragraph 111 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the fourth sentence of Paragraph 111 are inconsistent with the Air Quality Analysis, Federal Defendants deny those allegations.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 111.  The allegations in the sixth sentence of Paragraph 111 purport to characterize the Clean Air Act's implementing regulations, and as such constitute legal conclusions, to which no response is required.  The Court is referred to the cited regulation for a true and complete statement of its provisions. With regard to the allegations in the seventh sentence of Paragraph 111, Federal Defendants admit that the Project may affect levels of service at some intersections at some times.  The remaining allegations in the seventh sentence of Paragraph 111 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the remaining allegations in the seventh sentence of Paragraph 111 are inconsistent with the Air

Quality Analysis, Federal Defendants deny those allegations.  In response to the allegations in the eighth sentence of Paragraph 111, Federal Defendants deny any allegation that the draft Interchange Justification Report analysis is deficient.  The remaining allegations in the eighth sentence of Paragraph 111 characterizes the draft Interchange Justification Report and the Air Quality Analysis, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in the eighth sentence of Paragraph 111 are inconsistent with the draft Interchange Justification Report and the Air Quality Analysis, Federal Defendants deny those allegations.

112.   Federal Defendants admit the allegations in the first sentence of Paragraph 112.  The allegations in the second sentence of Paragraph 112 characterize an EPA Notice of Potential Rulemaking, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the second sentence of Paragraph 112 are inconsistent with that Notice, Federal Defendants deny those allegations.  The allegations in the third sentence of Paragraph 112 characterize an EPA finding, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the third sentence of Paragraph 112 are inconsistent with the cited EPA finding, Federal Defendants deny those allegations.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 112, and therefore deny the allegations therein.

113.   In response to the allegations in the  first sentence of Paragraph 113, Federal Defendants admit that the current I-95/I-395 corridor is a source of greenhouse gases.  The remaining allegations in the first sentence of Paragraph 113 are argumentative characterizations of fact,

to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations therein.  The allegations in the second and third sentences of Paragraph 113 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the second and third sentences of Paragraph 113 are inconsistent with the Air Quality Analysis, Federal Defendants deny those allegations.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 113.

114.    The allegations in the first sentence of Paragraph 114 characterize the Air Quality Analysis, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the first sentence of Paragraph 114 are inconsistent with the Air Quality Analysis, Federal Defendants deny those allegations.  The allegations second sentence of Paragraph 114 characterize the FHWA Documentation of Review, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the second sentence of Paragraph 114 are inconsistent with the FHWA Documentation of Review, Federal Defendants deny those allegations.  In response to the allegations in the third sentence, Federal Defendants admit the allegation that the northern section of the Project has been deemed "regionally significant" for purposes of conformity analysis. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence and the allegations in the fourth sentence, and therefore deny the allegations therein.

## CLAIMS FOR RELIEF
## COUNT I

115.    Federal Defendants hereby incorporate by reference their answers to Paragraphs 1

through 114.

116.   The allegations in Paragraph 116 purport to characterize and quote from NEPA and its implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

117.   The allegations in Paragraph 117 purport to characterize and quote from NEPA, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute for a true and complete statement of its provisions.

118.   The allegations in Paragraph 118 purport to characterize and quote from NEPA and its implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

119.   In response to the allegations in Paragraph 119, Federal Defendants admit that they approved the Project as a Categorical Exclusion and did not prepare an Environmental Impact Statement or Environmental Assessment for the Project.  Federal Defendants deny the remainder of the allegations therein, and further deny any suggestion that they violated NEPA.

120.   Federal Defendants deny the allegations in Paragraph 120.

121.   Federal Defendants deny the allegations in Paragraph 121.

122.   Federal Defendants deny the allegations in Paragraph 122.

123.   The allegations in Paragraph 123 constitute conclusions of law to which no response is required.  Federal Defendants deny that Plaintiff is entitled to the relief requested or to any

other relief whatsoever.

## COUNT II

124.    Federal Defendants hereby incorporate by reference their answers to Paragraphs 1 through 123.

125.    The allegations in Paragraph 125 purport to characterize NEPA and its implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

126.    The allegations in Paragraph 126 purport to characterize and quote from NEPA's implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

127.    The allegations in Paragraph 127 purport to characterize and quote from NEPA's implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

128.    The allegations in Paragraph 128 purport to characterize and quote from NEPA's implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

129.    The allegations in Paragraph 129 purport to characterize NEPA's implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is

referred to the cited statute and regulations for a true and complete statement of their provisions.

130. Federal Defendants deny the allegations in the first and fourth sentences of Paragraph 130. Federal Defendants specifically deny that FHWA has acknowledged that a significant post-determination scope of review is needed.  In response to the allegations in the second sentence of Paragraph 130, Federal Defendants state that the two sections share a common terminus, and deny the remainder of the allegations therein.  Federal Defendants deny the allegations in the third sentence of Paragraph 130.

131. Federal Defendants deny the allegations in Paragraph 131.

132. Federal Defendants deny the allegations in Paragraph 132.

133. Federal Defendants deny the allegations in Paragraph 133.

134. Federal Defendants deny the allegations in Paragraph 134.

135. The allegations in Paragraph 135 constitute conclusions of law to which no response is required.  Federal Defendants deny that Plaintiff is entitled to the relief requested or to any other relief whatsoever.

## COUNT III

136. Federal Defendants hereby incorporate by reference their answers to Paragraphs 1 through 135.

137. The allegations in Paragraph 137 purport to characterize the Clean Air Act, 42 U.S.C. §§ 7506(c) and 7410, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute for a true and complete statement of its provisions.

138.	The allegations in Paragraph 138 purport to characterize and quote from 40 C.F.R. § 93.116(a), and as such constitute conclusions of law to which no response is required. The Court is referred to the cited regulation for a true and complete statement of its provisions.

139.	In response to the allegations in Paragraph 139, Federal Defendants deny they failed to demonstrate conformity with 40 C.F.R. §§ 93.123(a) and 93.123(b). The remaining allegations in Paragraph 139 purport to characterize 40 C.F.R. §§ 93.123(b) and 93.123(a), and as such constitute conclusions of law to which no response is required. The Court is referred to the cited regulations for a true and complete statement of their provisions.

140.	The allegations in Paragraph 140 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 140.

141.	The allegations in Paragraph 141 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 141.

142.	The allegations in Paragraph 142 constitute conclusions of law to which no response is required. Federal Defendants deny that Plaintiff is entitled to the relief requested or to any other relief whatsoever.

## COUNT IV

143.	Federal Defendants hereby incorporate by reference their answers to Paragraphs 1 through 142.

144.	The allegations in Paragraph 144 purport to characterize and quote from Title VI of the Civil Rights Act, and as such constitute conclusions of law to which no response is required. The

Court is referred to the cited statute for a true and complete statement of its provisions.

145.   The allegations in Paragraph 145 purport to characterize and quote from 28 U.S.C. § 1983, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute for a true and complete statement of its provisions.

146.   Federal Defendants deny the allegations in Paragraph 146.  Federal Defendants specifically deny that they failed to act, and that their actions or inactions will have a disparate and discriminatory impact on and denial of benefits to low-income and minority people within, along and near the Project.

147.   The allegations in Paragraph 147 purport to characterize Title VI of the Civil Rights Act, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute for a true and complete statement of its provisions.

148.   The allegations in Paragraph 148 purport to characterize Title VI of the Civil Rights Act, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute for a true and complete statement of its provisions.

149.   Federal Defendants deny the allegations in Paragraph 149.

150.   Federal Defendants deny the allegations in Paragraph 150.  Federal Defendants specifically deny that the Project was improperly segmented or inadequately analyzed.

151.   Federal Defendants deny the allegations in Paragraph 151.  Federal Defendants specifically deny that they had any intent to discriminate against a protected class of minority persons or any other persons or class of persons.

152.   Federal Defendants deny the allegations in Paragraph 152.  Federal Defendants specifically deny that the Project's health and environmental effects were inadequately analyzed.

## COUNT V

153.   Federal Defendants hereby incorporate by reference their answers to Paragraphs 1 through 152.

154.   The allegations in Paragraph 154 purport to characterize and quote from the Fourteenth Amendment to the U.S. Constitution, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited amendment for a true and complete statement of its provisions.

155.   The allegations in Paragraph 155 purport to characterize and quote from the Fifth Amendment to the U.S. Constitution, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited amendment for a true and complete statement of its provisions.

156.   The allegations in Paragraph 156 purport to characterize and quote from 28 U.S.C. § 1983, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute for a true and complete statement of its provisions.

157.   Federal Defendants deny the allegations in Paragraph 157.

158.   Federal Defendants deny the allegations in Paragraph 158.

159.   Federal Defendants deny the allegations in Paragraph 159.

160.   Federal Defendants deny the allegations in Paragraph 160.

161.   Federal Defendants deny the allegations in Paragraph 161.  Federal Defendants specifically deny that their actions were arbitrary and capricious.

162.   Federal Defendants deny the allegations in Paragraph 162.  Federal Defendants specifically deny any discriminatory impact from implementation of the Project or that they had an intent

to discriminate.

## COUNT VI

163.   Federal Defendants hereby incorporate by reference their answers to Paragraphs 1 through 162.

164.   The allegations in Paragraph 164 purport to characterize and quote from Article 1, § 11 of the Virginia Constitution, and as such constitute conclusions of law to which no response is required.  The Court is referred to the Virginia Constitution for a true and complete statement of its provisions.

165.   Federal Defendants deny the allegations in Paragraph 165.

166.   Federal Defendants deny the allegations in Paragraph 166.

167.   Federal Defendants deny the allegations in Paragraph 167.

168.   Federal Defendants deny the allegations in Paragraph 168.

169.   Federal Defendants deny the allegations in Paragraph 169.

170.   Federal Defendants deny the allegations in Paragraph 170.  Federal Defendants specifically deny any discriminatory impact from implementation of the Project or that they had an intent to discriminate.

## COUNT VII

171.   Federal Defendants hereby incorporate by reference their answers to Paragraphs 1 through 170.

172.   The allegations in Paragraph 172 purport to characterize and quote from the Federal-Aid Highways Act ("FAHA") and its implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited

statute and regulations for a true and complete statement of their provisions.

173.   The allegations in Paragraph 173 purport to characterize and quote from FAHA and its implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

174.   The allegations in Paragraph 174 purport to characterize FAHA and its implementing regulations, and as such constitute conclusions of law to which no response is required.  The Court is referred to the cited statute and regulations for a true and complete statement of their provisions.

175.   Federal Defendants deny the allegations in Paragraph 175.  Federal Defendants specifically deny they violated 23 U.S.C. § 109(h) or 23 C.F.R. § 771.105(b).

176.   Federal Defendants deny the allegations in Paragraph 176.  Federal Defendants specifically deny they violated 23 U.S.C. § 109(h) or 23 C.F.R. § 771.105(b).

177.   Federal Defendants deny the allegations in Paragraph 177.   Federal Defendants specifically deny that their determination that the Project was in the "best overall public interest" was arbitrary and capricious.

178.   Federal Defendants deny the allegations in Paragraph 178.  Federal Defendants specifically deny that acted in an arbitrary and capricious manner.

179.   Federal Defendants deny the allegations in Paragraph 179.  Federal Defendants specifically deny that acted in an arbitrary and capricious manner.

180.   Federal Defendants deny the allegations in Paragraph 180.  Federal Defendants specifically deny that acted in an arbitrary and capricious manner.

181.   Federal Defendants deny the allegations in Paragraph 181.  Federal Defendants specifically

deny that acted in an arbitrary and capricious manner.

182.   Federal Defendants deny the allegations in Paragraph 182.  Federal Defendants specifically

deny that acted in an arbitrary and capricious manner.

183.   Federal Defendants deny the allegations in Paragraph 183. Federal Defendants specifically

deny that acted in gross derogation of their duty or in an arbitrary and capricious manner.

## RELIEF REQUESTED

The remainder of Plaintiff's Complaint consists of Plaintiff's request for relief to which no

response is required.  To the extent a response is required, Federal Defendants deny that Plaintiff

are entitled to the relief requested or any other relief whatsoever.

## GENERAL DENIAL

Unless specifically admitted herein, Federal Defendants deny each and every allegation in

Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.   Plaintiff lacks standing for some or all of its claims.

2.   Plaintiff has failed to state a claim upon which relief can be granted for some or all

of its claims.

3.   Plaintiff has failed to exhaust administrative remedies for some or all of its claims.

4.   Federal Defendants are immune from suit with respect to some of Plaintiff's claims.

WHEREFORE, Federal Defendants having fully answered and responded, pray that the

Complaint be dismissed, that Plaintiff receive no relief, that all costs and expenses of this litigation

be borne by the Plaintiff, and that Federal Defendants be afforded such other relief as may be

justified by the facts and the law.

## CONCLUSION

Federal Defendants request that the Court deny Plaintiff's the relief it requests, dismiss Plaintiff's Complaint with prejudice, and enter judgment for Federal Defendants.


Dated: February 26, 2010.                    Respectfully submitted,

                                             IGNACIA S. MORENO
                                             Assistant Attorney General
                                             Environment and Natural Resources Division

                                               /s/ Beverly F. Li
                                             BEVERLY F. LI
                                             JULIE S. THROWER
                                             Trial Attorneys
                                             Natural Resources Section
                                             Environment & Natural Resources Division
                                             U.S. Department of Justice
                                             P.O. Box 663
                                             Washington, D.C. 20044-0663
                                             Tel:    (202) 353-9213 (Li)
                                                     (202) 305-0247 (Thrower)
                                             Facsimile: (202) 305-0506
                                             Email: beverly.li@usdoj.gov,
                                                     julie.thrower@usdoj.gov

                                             ANGELINE PURDY
                                             Trial Attorney
                                             Environmental Defense Section
                                             Environment & Natural Resources Division
                                             U.S. Department of Justice
                                             P.O. Box 23986
                                             Washington, D.C. 20026-3986
                                             Tel:    (202) 514-0996
                                             Facsimile: (202) 514-8865
                                             Email:  angeline.purdy@usdoj.gov

                                             Attorneys for Federal Defendants

Of Counsel:
Sharon Vaughn-Fair
Assistant Chief Counsel
Vanessa Powell
Federal Highway Administration
Office of the Chief Counsel
10 South Howard Street, Suite 4000
Baltimore, MD 21201

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2010, a copy of the foregoing Federal Defendants'

Answer to Plaintiff's Complaint was served by CM/ECF electronic filing on the following attorneys

of record:

John Burke Britton , Jr.
jbritton@schnader.com

Neil Thomas Proto
nproto@schnader.com

Stephen A. MacIsaac
smacisaac@arlingtonva.us

Attorneys for Plaintiff

Suzanne T. Ellison
sellison@oag.state.va.us

Attorney for State Defendants

/s/   Beverly F. Li
Counsel for Federal Defendants