IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNTY BOARD of ARLINGTON VIRGINIA, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION <br><br> and <br><br> HONORABLE RAYMOND H. LAHOOD, in his official and individual capacity, Secretary of the United States Department of Transportation <br><br> and <br><br> FEDERAL HIGHWAY ADMINISTRATION <br><br> and <br><br> VICTOR MENDEZ, in his official and individual capacity, Federal Highway Administrator, <br><br> and <br><br> VIRGINIA DEPARTMENT OF TRANSPORTATION <br><br> and | **Civil Case No. 1:09-cv-01570** |

| | |
|---|---|
| HONORABLE SEAN T. CONNAUGHTON<br>   in his official capacity as Secretary of the<br>Virginia Department of Transportation<br><br>and<br><br>HONORABLE PIERCE R. HOMER,<br>   in his individual capacity,<br><br>       Defendants. | &#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124;<br>&#124; |

## SURREPLY TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, County Board of Arlington, Virginia respectfully submits this Surreply to Defendant Pierce R. Homer ("Homer") and the Virginia Department of Transportation's ("VDOT") (collectively, "State Defendants") Motion to Dismiss, and states as follows.

1. Plaintiff has alleged, with requisite specificity, that Homer was involved in the alleged wrongdoing by deliberately "adopting and implementing" the discriminatory policies and directing the actions taken in question, and he retains a vital, essential nexus to the invidious harm done and the relief sought. *Aschroft v. Iqbal,* 2009 U.S. LEXIS 3472 (2009); *see, also, Al-Kidd v. Ashcroft*, No. 06-36059, *en banc*, (9th Cir. March 18, 2010) (defendant Attorney General John Aschroft kept in the case in his personal capacity although no longer the Attorney General.) Therefore, Homer is a proper party to this litigation in his *personal* capacity, and the remedy sought is under well-recognized grounds for declaratory judgment. *See President v. Vance*, 627 F.2d 353, 364 n. 76 (D.C. Cir. 1980).

2. Plaintiff's reference to "the initial stage" of this litigation (Plaintiff's Opposition to Motion to Dismiss at p. 7) must be understood for what plaintiff plainly intended -- a presage to subsequent action for damages against defendant Homer in his personal capacity once a declaratory judgment is entered. *Id*. (A declaratory judgment will "terminate and afford relief from the . . . controversy giving rise to the proceeding", quoting E. Borchard, Declaratory Judgments 299 (2d ed. 1941)); *United States v. Lee*, 106 U.S. 196, 220 (1882) ("All the officers of the government . . . are creatures of the law, and are bound to obey it."). The same principle of law was most recently applied in *Al-Kidd v. Ashcroft*, and remains relevant in this case.

3. State Defendants carry the burden of proving why the Virginia Secretary of Transportation is *not* a proper party to this case. State Defendants offer nothing to refute Plaintiff's ample evidence, grounded in Virginia statues, the public record, and state and federal case law. *See* Plaintiff's Opposition to Motion to Dismiss at pp. 11-16. On the contrary, they concede that the Virginia Department of Transportation is a proper defendant in this case. Defendants' Reply Memorandum at p. 13. Moreover, the mere fact that the Transportation Commissioner also may be a proper party in this case does not make the Secretary an improper party. *See, e.g.,* Va. Code §§ 2.2-228, 56-573.1, 10.1-1188; 2009 Va. Acts, Chapter 781, Item 436(3), pg. 2059; Defendants' Reply Memorandum at pp. 10-11. Referring to the Secretary as a mere figurehead as Chairman of the Commonwealth Transportation Board is also a non-starter -- and probably quite a revelation to its members and the current Secretary. *See* Defendants' Reply Memorandum at pp. 11-12. As Chair of the Transportation Board, Homer exercised significant power to advance the high-occupancy toll lanes project at issue in this case,

including, but not limited to, the power to run meetings, to set agenda, to coordinate subcommittees, to conduct discussions and to initiate voting. Plaintiff's Opposition to Motion to Dismiss at p. 15.

    4.    Plaintiff reiterates its request for oral argument in this matter.

Dated: March 25, 2010

        Respectfully submitted,

        COUNTY BOARD OF ARLINGTON
        By Counsel

        Stephen A. MacIsaac, (#362530)
        County Board of Arlington
        Suite 403
        2100 Clarendon Blvd.
        Arlington, VA 22201
        Telephone : (703) 228-3100
        Telefax : (703) 228-7106
        Email : smacisaac@arlingtonva.us

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _/s/ John Burke Britton_
John Burke Britton (#426434)
Neil Thomas Proto (#167197)
750 9th Street NW, Suite 550
Washington, DC 20001
Telephone: (202) 419-4218
Telefax: (202) 419-4258
Email: jbritton@schnader.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2010, I caused the foregoing Surreply to Defendants' Motion to Dismiss, which has been filed with the Court electronically, to be served via this Court's electronic filing system on the following:

Channing D. Phillips, Esq.
United States Attorney
555 4th Street, NW
Washington, D.C. 20530

United States Department of Transportation
1200 New Jersey Avenue, S. E.
Washington, DC 20590

Raymond H. LaHood, Secretary of Transportation,
United States Department of Transportation
1200 New Jersey Ave., SE
Washington, DC 20590

Federal Highway Administration
1200 New Jersey Avenue, S. E.
Washington, DC 20590

Victor Mendez
Federal Highway Administrator
1200 New Jersey Ave., SE
Washington, DC 20590

Virginia Department of Transportation
1401 E. Broad Street
55Richmond, VA 23219

Sean T. Connaughton, Secretary of Transportation
Commonwealth of Virginia
1111 E. Broad Street
Richmond, VA 23219

Pierce R. Homer, Former Secretary of Transportation
c/o Commonwealth of Virginia
1111 E. Broad Street
Richmond, VA 23219

*John B. Britton*
John B. Britton