# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COUNTY BOARD OF ARLINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-01570-RMC |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | **RULE 16.3 MEET AND** |
| TRANSPORTATION; RAYMOND H. | ) | **CONFER REPORT** |
| LAHOOD, in his official capacity and | ) | |
| individual capacity, Secretary of the U.S. | ) | |
| Department of Transportation; FEDERAL | ) | |
| HIGHWAY ADMINISTRATION; | ) | |
| VICTOR MENDEZ, in his official and | ) | |
| individual capacity, Federal Highway | ) | |
| Administrator; VIRGINIA DEPARTMENT | ) | |
| OF TRANSPORTATION; PIERCE R. | ) | |
| HOMER, in his individual capacity, and | ) | |
| SEAN T. CONNAUGHTON, in his official | ) | |
| capacity as Virginia Secretary of | ) | |
| Transportation, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |

Pursuant to Local Civil Rule 16.3, and the Court's April 20, 2010 Order for Initial

Scheduling Conference (Dkt. No. 28), the parties, Plaintiff County Board of Arlington; Federal

Defendants U.S. Department of Transportation, Raymond H. LaHood, in his official capacity as

Secretary of the U.S. Department of Transportation and in his individual capacity, as to certain

claims, and Victor Mendez, in his official capacity as Administrator of the Federal Highway

Administration and in his individual capacity, as to certain claims; and State Defendants Virginia

Department of Transportation, Pierce R. Homer, in his individual capacity, and

Sean T. Connaughton, in his official capacity as Virginia Secretary of Transportation

(collectively, "Defendants"), to this action met and conferred through the undersigned counsel

via telephone on April 28, 2010, to discuss the matters set forth in LCvR 16.3(c).  All parties

were present, and all items discussed are set out in this Report.  The parties' statement of the case

and the statutory basis for all causes of action and defenses will be filed by the parties separately

no later than 72 hours prior to the May 24, 2010 Initial Scheduling Conference.  The parties

report as follows:

**Parties Present**

      a.    <u>Counsel for Plaintiff</u>:  Stephen A. MacIsaac, MinhChau Nguyen, John B. Britton,

Neil T. Proto, Claudine A. Wilson.

      b.    <u>Counsel for Federal Defendants</u>:  Julie S. Thrower, Angeline Purdy, Beverly F.

Li, Vanessa Powell.

      c.    <u>Counsel for State Defendants</u>:  Suzanne T. Ellison, Eric Fiske.

**Matters Discussed by the Parties**

**1.**      **Dispositive Motions – LCvR 16.3(c)(1)**

      a.    <u>Plaintiff's position</u>:  Dispositive motions should be filed within thirty (30) days

after the close of discovery.  As discussed below, Plaintiff believes discovery, expert testimony,

reports and witnesses, are required  in the context of the federal question (28 U.S.C. §1331),

Title VI (42 U.S.C. § 2000d and 42 U.S.C. § 1983), and constitutional (U.S. Const. 5th and 14th

Amendments, Va. Const. Article 1 § 11) claims, even where the Administrative Procedure Act

("APA") is invoked in the complaint. Plaintiff also believes that to have appropriate judicial

review requires expanded discovery outside of the administrative record ("extra-record

evidence") in the context of the National Environmental Policy Act ("NEPA"), Clean Air Act

("CAA") and the Federal-Aid Highway Act ("FAHA") claims to the modest extent they are

distinct from the other, interrelated claims in the Complaint. Also, in the interest of a thorough

and legally efficient judicial review, Plaintiff believes that this Court can and should aptly and efficiently address all claims in one consolidated proceeding in the interest of justice and fairness. The notion of bifurcation, for the reasons discussed in more detail below, is inappropriate in this controversy.

b.   <u>Defendants' position</u>:  The case is likely to be disposed of by dispositive motions. Specifically, Defendants intend to file a motion for summary judgment on Plaintiff's APA claims and Federal Defendants may also move to dismiss certain APA or non-APA claims.  Plaintiff argues that discovery is required to expand the Administrative Record for effective judicial review of its APA claims, but does so without first reviewing the contents of the Administrative Record.  As discussed below, judicial review of the Plaintiff's APA claims is limited to review of the administrative record, and summary judgment on these claims does not need to await discovery.  Further, as discussed below, Defendants believe that the APA and non-APA claims should be bifurcated, and the APA claims should be resolved before discovery on the non-APA claims proceeds.  Defendants do not believe this case will proceed to trial.

**2.     Joinder and Amending Pleadings – LCvR 16.3(c)(2).**

The parties agree that additional parties may be joined and that the parties may seek leave from the court to amend the pleadings within thirty (30) days after the date of the Initial Scheduling Conference in this case.

a.   <u>Defendants position</u>:   Plaintiff must seek leave from the Court to amend the Complaint because the Defendants' Answers have already been filed in this case.

**3.     Magistrate Judge – LCvR 16.3(c)(3)**

The parties do not consent to assignment of this case to a magistrate judge for all purposes.

**4.**      **Settlement – LCvR 16.3(c)(4)**

On November 9, 2009, the parties had initial settlement discussions, in particular regarding possible resolution of the NEPA, FAHA, and CAA claims.  As a result of those discussions, the parties exchanged settlement correspondence on November 13, 2009, November 25, 2009, and December 23, 2009.  Plaintiff believes there is a realistic possibility of settling the case and that a further exchange of information may lead to additional settlement discussions. Defendants have not determined whether there is a realistic possibility of settling the case.  The parties may continue to explore the possibility of settlement of some or all of the claims.

**5.**      **ADR – LCvR 16.3(c)(5)**

The parties do not believe that this action would benefit from the Court's ADR procedures at this stage.

**6.**      **Summary Judgment or Motion to Dismiss – LCvR 16.3(c)(6)**

a.      <u>Plaintiff's position</u>: Plaintiff believes that the case cannot be resolved by a motion to dismiss and Plaintiff does not anticipate filing a motion to dismiss. There are substantive and material factual issues in dispute as reflected, already, in the Defendants' Answers to Plaintiff's Complaint. In addition, Plaintiff anticipates submitting a First Amended Complaint within the time period that the parties have agreed upon and included in this submission to the Court.

Plaintiff proposes motions for summary judgment may be submitted by either of the parties no later than thirty (30) days after the close of discovery. Plaintiff has set out below, in the appropriate section of this Report (Para. 8), its proposed schedule in detail. In that schedule, Plaintiff suggests the dates for discovery on the federal question, Civil Rights Act and Title VI claims; and the date that Defendants shall submit the administrative record (on or before

June 25, 2010); and the dates for discovery to supplement the administrative record for the NEPA, CAA, and FAHA claims.

Plaintiff believes that this Court can and should aptly and efficiently address all claims in one consolidated proceeding, due to the fact that its claims are factually interrelated. These claims also require a thorough and independent legal analysis. Plaintiff believes this case cannot be resolved without thorough judicial review, discovery and expert testimony of the federal question, Title VI, and constitutional claims, and discovery and expert testimony outside the administrative record in the context of the NEPA, CAA, and FAHA claims.

b.    Defendants' position:   As discussed below, Defendants believe that the case should be bifurcated into APA and non-APA claims, and the APA claims should be resolved on motions for summary judgment prior to proceeding on the non-APA claims.   Defendants believe the APA claims should be decided on motions for summary judgment based upon the administrative record currently being prepared by the government.   Judicial review of federal agency action under the APA does not call for this Court to make factual findings on the merits or to determine the existence of genuine issues of disputed material facts on summary judgment. Rather, the Court's task is to review the Administrative Record that was before the federal agency at the time it made the challenged decision to determine whether, as a matter of law, that Administrative Record supports the agency's decision or whether the agency's decision is arbitrary, capricious or otherwise contrary to law.  Because the Court need not, and may not, find underlying facts, there are no material facts essential to the Court's resolution of Plaintiff's APA claims. Defendants anticipate that they will lodge the administrative record and serve it upon Plaintiff by June 25, 2010.  If the Court allows Plaintiff to amend its complaint, Defendants request that the schedule for submitting the Administrative Record be postponed so that

Defendants have an opportunity to compile the Administrative Record in light of any new claims added in the amended complaint.  Federal Defendants may also move to dismiss certain APA or non-APA claims.  Defendants propose the following schedule for summary judgment briefing of the claims brought pursuant to the APA:

| | |
|---|---|
| Plaintiff's Motion for Summary Judgment and Brief in Support. | August 20, 2010 |
| Defendants' Cross-Motion for Summary Judgment, Brief in Support of Cross-Motion for Summary Judgment, and Brief in Opposition to Plaintiff's Motion for Summary Judgment.  Defendants' Opposition and Supporting Briefs will be combined into a single document. | October 15, 2010 |
| Plaintiff's Reply and Opposition to Defendants' Cross-Motion for Summary Judgment.  Plaintiff's Reply and Opposition Briefs will be combined into a single document. | November 12, 2010 |
| Defendants' Reply in Support of Cross-Motion for Summary Judgment. | December 10, 2010 |

The schedule set forth above is predicated on the Defendants' anticipation that they will be able to resolve any disputes concerning the scope of the Administrative Record informally without involvement of the Court.  Not later than July 16, 2010, Plaintiff shall inform Defendants of any objections to the adequacy of the Administrative Record.  In the event that the parties are unable to resolve the dispute and Plaintiff believes it is necessary to file a motion challenging the adequacy of the Administrative Record, the parties reserve the right to submit a revised schedule for briefing on summary judgment, if necessary.

**7.     Initial Disclosures – LCvR 16.3(c)(7)**

The parties agree to postpone or dispense with the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) pending further discussion with this Court concerning the scope and form of discovery.

**8.      Discovery – LCvR 16.3(c)(8)**

a.      <u>Plaintiff's position</u>:   Plaintiff believes judicial review requires discovery, and expert reports and testimony in the context of the federal question, Title VI, and constitutional claims. Plaintiff also believes that discovery, expert reports and testimony, is required in the NEPA, CAA, and FAHA claims, in order for the Court to make a thorough and in-depth review of Defendants' actions, and resolve material disputes among the parties. Plaintiff believes its position is substantiated by the decisions of this Court in this Circuit, setting forth the exceptions that allow for discovery, in various forms, outside of the administrative record. A number of these exceptions include, but not limited to: where the agency did not adequately explain its action; the agency did not consider significant factors; the record does not reflect evidence that the agency considered; the issues are so complex that the court needs additional information to understand the case; new evidence arose after the agency's decision; the suit alleges the failure of the agency to act; or the suit challenges the agency's action under NEPA. All of these factors exist in this case.

In addition to the federal question, Title VI and constitutional claims, Plaintiff contends that NEPA claims are also judicially recognized exceptions to the limited discovery typically allowed under the APA; and therefore, judicial review in NEPA cases is not limited to the administrative record. An agency must produce documents that reflect the agency's consideration of environmental factors when implementing its project. Courts have allowed plaintiffs bringing claims under NEPA to introduce new evidence, upholding the principle that an evidentiary hearing is appropriate under NEPA to assess the sufficiency of an environmental impact statement or similar environmental documentation and decisions. This Court, specifically, has granted an expanded breadth of discovery, including the use of experts, depositions and

documentary exhibits, as relates to constitutional and NEPA claims. Plaintiff believes that extra-record discovery in this case is necessary and warranted.

Accordingly, Plaintiff proposes that Defendants submit the Administrative Record in this case on or before thirty (30) days after the date of the Initial Scheduling Conference.  Plaintiff shall have thirty (30) days after the submission of the Administrative Record for review and comment on its adequacy and completeness.  Counsel for Plaintiff submits that a time period of one hundred and twenty (120) days after the Initial Scheduling Conference is appropriate for conducting all discovery, unless disputes or circumstances exist that warrant either party requesting a revised schedule. Specifically, Plaintiff proposes the following schedule:

| | |
|---|---|
| Discovery opens. | June 22, 2010 |
| Defendants submit Administrative Record. | June 25, 2010 |
| Plaintiffs submit First Amended Complaint. | June 25, 2010 |
| Plaintiff's Review and Comment Regarding Accuracy and Completeness of the Administrative Record. | July 26, 2010 |
| Discovery closes. | October 20, 2010 |
| Summary Judgment or other motions submitted. | November 19, 2010 |

b.      Defendants' position:   Plaintiff's NEPA, FAHA, and CAA claims were brought pursuant to the provisions of the APA.  Judicial review of such claims is limited to the administrative record.  Plaintiff argues that discovery is appropriate despite the submission of the Administrative Record based on several exceptions, but confuses these limited and narrow circumstances that allow for supplementation of the Administrative Record with discovery. Defendants contend that discovery is inappropriate for Plaintiff's APA claims in this case.  These claims are exempt under Fed. R. Civ. P. 26(a)(1)(E)(i) from the disclosure requirements of Fed

R. Civ. P. 26(a)(1).  As discussed above in (6), Defendants propose a schedule for lodging the Administrative Record with the Court and serving the same on Plaintiff, and a briefing schedule for motions for summary judgment.

Federal Defendants believe that Plaintiff's Civil Rights Act and constitutional claims against Federal Defendants in their individual capacities may be dismissed because the named individuals were not were not involved in making the decision that is challenged in this case. There may also be other grounds for dismissal of Plaintiff's non-APA claims.  Defendants believe that there may be some limited discovery on Plaintiff's Civil Rights Act and constitutional claims if these claims survive a motion to dismiss or motion for summary judgment.  As discussed in further detail in (11), Defendants believe that resolution of the NEPA and CAA claims may also provide a resolution to the Civil Rights Act and constitutional claims. Therefore, to conserve the parties' and the Court's resources, Defendants propose that discovery on the non-APA claims, if any, should be stayed until Plaintiff's APA claims are resolved on motions for summary judgment.

**9.      Expert Witness Reports – LCvR 16.3(c)(9)**

a.      <u>Plaintiff's position</u>:  Plaintiff believes that expert witness reports will be necessary in this case, including, among other reasons, to demonstrate the disparate treatment, the inaccuracy of the various assertions by the Defendants concerning the environment and its impacts, and to resolve the disputes of material fact already established by Defendants' Answers. Expert witness reports and information should be disclosed and exchanged pursuant to the requirements of Fed. R. Civ. P. Rule 26(a)(2), following a determination of the trial date by this Court.

b.      Defendants' position: Defendants do not believe that expert witnesses are necessary in this case.  In particular, Defendants believe that it would be improper to allow expert testimony in connection with Plaintiff's APA claims, which will be reviewed on the administrative record.

**10.     Class Actions – LCvR 16.3(c)(10)**

Not applicable.

**11.     Bifurcation – LCvR 16.3(c)(11)**

a.      Plaintiff's position:  In the interest of a thorough and legally efficient judicial review, Plaintiff believes that this Court can aptly and efficiently address all claims in one consolidated proceeding. Plaintiff believes that its federal question, Title VI, constitutional, NEPA, CAA, FAHA claims are factually interrelated and should therefore cannot be considered separately. Plaintiff asserts, however, that each claim also requires a separate and independent factual and legal analysis. Therefore, a resolution of either the federal question, Title VI or constitutional claims does not determine the outcome of  Plaintiff's NEPA, CAA, or FAHA claims, or vice versa. Courts, including this Court, have concurrently and aptly addressed mixed count claims of this type. Plaintiff believes that any bifurcation of the claims in this case will lead to an inequitable and inefficient result due to the factually interrelated nature of the claims, and therefore proposes that the Court hear all claims in the complaint in one proceeding.

b.      Defendants' position:  To allow for the orderly resolution of this case and to conserve the parties' and the Courts' resources, Defendants propose that the case be divided into two phases:  (1) claims brought under the APA, in particular, the NEPA, FAHA, and CAA claims; and (2) non-APA claims, in particular the Civil Rights Act claim and federal and state constitutional claims.  Defendants propose that the Court move forward first with summary

judgment briefing of the claims brought under the APA that are subject to judicial review on the administrative record and postpone any proceedings, including discovery, with regard to the non-APA claims until the APA claims are resolved.  Defendants believe that if the APA claims are resolved in Defendants' favor, then Plaintiff may not have any further basis to bring its non-APA claims.  Plaintiff's non-APA claims are based on alleged violations of Title IV of the Civil Rights Act, the due process and equal protection clauses of the U.S. Constitution, and the due process clause of the Constitution of the Commonwealth of Virginia.  Compl. ¶¶ 153-170.  Plaintiff alleges that Defendants violated these federal and state laws because Defendants: (1) "failed to adequately examine the resulting health and environmental effects among minority, low-income populations," id. ¶ 152; and (2) improperly segmented the proposed I-95/I-395 High Occupancy Toll/High Occupancy Vehicle Lanes Project ("Project"), resulting in a "discriminatory impact . . . coupled with explicit discriminatory intent" against minority residents in Arlington County.  Id. at ¶¶ 162, 170.  If the Court determines that Defendants adequately examined the environmental impacts and did not improperly segment the Project under NEPA and CAA, then Plaintiff does not have any factual basis for its non-APA claims, and the claims may be dismissed.

**12.    Pretrial Conference – LCvR 16.3(c)(12)**

       a.    <u>Plaintiff's position</u>:  Plaintiff requests that the Court set a pretrial conference for forty-five (45) days after the close of discovery.

       b.    <u>Defendants' position</u>: Defendants do not believe that a trial is necessary or appropriate in this case; therefore a pretrial conference is not necessary.  If the Court determines that a trial is necessary for the non-APA claims, Defendants believe that a pretrial conference

should be postponed until the APA claims are resolved on motions for summary judgment, as described above in (11).

**13.    Trial Date**

a.    <u>Plaintiff's position</u>:  Plaintiff requests that the Court set a trial date at the pretrial conference.

b.    <u>Defendants' position</u>: Defendants do not believe that a trial is necessary or appropriate in this case.  If the Court determines that a trial is necessary for the non-APA claims, Defendants believe that a trial date should be postponed until the APA claims are resolved on motions for summary judgment.

**14.    Other Matters**

a.    <u>Notice of Related Case</u>:  On December 4, 2009, Federal Defendants notified the Court of a related case, <u>West v. Homer</u>, *et al.*, Civ. No. 1:09-cv-02224-RMU (file opened in D.D.C. on Nov. 25, 2009), which was transferred from the U.S. District Court for the Eastern District of Virginia and assigned to Judge Urbina.  The <u>West</u> case challenges the same decision by FHWA as the present case, alleging NEPA violations.  The <u>West</u> case is brought by a *pro se* plaintiff.  Defendants filed an answer in <u>West</u> on December 4, 2009.  The Court has not yet issued an order for a status conference in <u>West</u>.

Respectfully submitted on this 12th day of May 2010,

FOR PLAINTIFF:              COUNTY BOARD OF ARLINGTON
                           By Counsel

                           STEPHEN A. MACISAAC (#362530)
                           County Attorney
                           County Board of Arlington
                           Suite 403
                           2100 Clarendon Blvd.
                           Arlington, VA 22201
                           Telephone : (703) 228-3100
                           Telefax : (703) 228-7106

Email : smacisaac@arlingtonva.us


SCHNADER HARRISON SEGAL & LEWIS LLP

By:     /s/  John B. Britton *by /s/ Julie S. Thrower pursuant to email authorization on May 12, 2010.*
        JOHN BURKE BRITTON (#426434)
        NEIL THOMAS PROTO (#167197)
        750 9th Street NW, Suite 550
        Washington, DC 20001
        Telephone: (202) 419-4218
        Telefax: (202) 419-4258
        Email: jbritton@schnader.com


FOR FEDERAL DEFENDANTS:     IGNACIA S. MORENO
                            Assistant Attorney General
                            Environment & Natural Resources Division


                            /s/  *Julia Thrower*
By:     JULIE S. THROWER
        BEVERLY F. LI
        Trial Attorneys
        Natural Resources Section
        Environment & Natural Resources Division
        U.S. Department of Justice
        P.O. Box 663
        Washington, DC 20044-0663
        Telephone: (202) 353-9213 (Li)
        Telephone: (202) 305-0247 (Thrower)
        Telefax: (202) 305-0506
        Email: beverly.li@usdoj.gov
        Email: julie.thrower@usdoj.gov


        ANGELINE PURDY
        Trial Attorney
        Environmental Defense Section
        Environment & Natural Resources Division
        U.S. Department of Justice
        P.O. Box 23986
        Washington, DC 20026-3986
        Telephone: (202) 514-0996
        Telefax: (202) 514-8865
        Email: angeline.purdy@usdoj.gov

*Of counsel*:

Sharon Vaughn-Fair
Assistant Chief Counsel
Vanessa Powell
Federal Highway Administration
Office of the Chief Counsel
10 South Howard Street, Suite 4000
Baltimore, MD 21201

FOR STATE DEFENDANTS:        OFFICE OF THE ATTORNEY GENERAL

/s/ Suzanne T. Ellison *by /s/ Julie S. Thrower
pursuant to email authorization on May 12, 2010.*

By:    SUZANNE T. ELLISON
Senior Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Telephone: (804) 786-7774
Telefax: (804) 786-9136
Email: sellison@oag.state.va.us